GILLESPIE, Chief Justice,
for the Court:
The Circuit Court of Harrison County, on petition of Albert J. Misko, ordered that a writ of mandamus issue commanding the Mississippi Marine Conservation Commission (Commission) to reinstate Misko as assistant chief inspector with all back pay accrued from January 1, 1974. The Commission appealed to this Court.
The minutes of the July 18,1972, meeting of the Commission reflect that the Commission “elected to hire” Albert J. Misko as the assistant chief law enforcement officer. Governor Waller was present at this meeting of the Commission.
On July 19, 1972, the chairman of the Commission wrote a letter to Misko, welcoming him as the assistant chief inspector at a salary of $700 per month. Misko assumed the duties of assistant chief inspector upon being issued a badge and identification card indicating that he held the rank of assistant chief inspector. Misko was identified as assistant chief inspector in the Commission’s minutes from September, 1972, through December, 1973.
On November 14, 1973, the Commission entered an order stating that Misko had violated his authority and requesting that Misko resign and upon his failure to resign that the Governor be requested to remove him after a public hearing as required by law.
On December 22, 1973, the chairman of the Commission wrote Misko a letter stating that he was suspended from all duties pending the outcome of certain charges (later dropped) filed by the Jackson County Prosecuting Attorney. On February 27, 1974, Heber Ladner, Secretary of State, wrote a letter to the Commission stating that he had made a search of his records, as the Commission had asked, but had failed to find a letter of appointment by the Governor appointing Misko as the assistant chief inspector. At the Commission’s regular meeting in March, 1974, Misko, who was then on suspension, was ordered dismissed *357 effective immediately, and Misko was sent a letter on March 7,1974, advising him that he had been discharged. On April 1, 1974, Governor Waller issued Misko a commission appointing him assistant chief inspector of the Mississippi Marine Conservation Commission, effective July 17, 1972, for the period ending July 17, 1976. The commission stated that “this appointment being a substitute to the original appointment.
The commission was issued' by the Secretary of State in accordance with the Governor’s letter to the Secretary of State, which stated that the appointment had been made on July 17, 1972, and that Misko began serving in that capacity on that date.
The Governor never submitted Misko’s name to the Mississippi State Senate and obviously the Senate never confirmed the appointment. This case raises several questions.
Was Misko lawfully appointed to the office of assistant chief inspector?
Mississippi Code Annotated section 49-15-11 (1972) provides for the creation of the Mississippi Marine Conservation Commission. At the time this controversy began section 49-15-21(b) (later amended) provided in part:
The governor shall appoint a chief inspector and assistant chief inspector, which appointments shall be confirmed by the senate, who shall serve in such office for a term of four (4) years. . . . The chief inspector and assistant chief inspector shall not be removed from office except by the governor, and then only upon notice of at least ten (10) days of the charges made against him, and the time and place of a public hearing. The commission shall appoint such other deputy inspectors as may be needed, but such deputies shall not be removed from office except upon approval of the chief inspector.
Mississippi Code Annotated section 7-1-35 (1972), which delineates confirmation procedures, states:
The governor shall fill by appointment, with the advice and consent of the senate, all offices subject to such appointment when the term of the incumbent will expire within nine months after the meeting of the legislature, and also vacancies in such offices occurring from any cause during the session of the senate or during the vacation of that body. All such appointments to offices made in vacation shall be reported to the senate within ten days after the commencement of the session of that body for its advice and consent to the appointment, and the vacancy shall not be filled if caused by the senate’s refusal to confirm any appointment or nomination, or if it do not occur during the last five days of the session, by the appointment of the governor in the vacation of the senate, without its concurrence. Any appointment in vacation to which the senate shall refuse to consent shall be thereby annulled from that date, but the acts of the appointee prior thereto shall not be affected thereby.
We are of the opinion and so hold that at most Misko was a de facto officer. Brady v. Howe, 50 Miss. 607 (1874). In violation of section 7-1-35, the appointment was never reported to the senate and the plain provisions of section 49-15-21(b), which require that the appointment of the assistant chief inspector “shall be confirmed by the senate” were unfulfilled. We reject as untenable the argument that the appointment is good so long as it is not rejected by the senate. In the first place, the appointment was never submitted to the senate, and in the second place, that is not the intent of the statutes. The appointment can only be made by executive action and the action of the senate in confirming it.
This Court stated in Brady, supra,
It is very manifest that the senate shares with the governor, in the duty and responsibility of filling the judicial offices the constitution intends that the appointments of the respective judges to their appropriate terms *358 shall be participated in by the senate. 50 Miss, at 616-17.
In the same case, the Court stated:
That for the repose and quietude of society, constituted him de facto chancellor, and imparted virtue and validity to his judicial acts. 50 Miss, at 623.
If the Court should hold that Misko is a de jure officer when several sessions of the legislature intervene between his appointment and his discharge, the Court would circumvent the plain words of the statute that place responsibility on the senate to confirm the appointment of assistant chief inspector. This the courts have no authority to do.

Was Misko a deputy inspector subject to removal only upon the approval of the chief inspector?

Misko argues that if he was not assistant chief inspector who could only be discharged by the governor after hearing, he was a deputy inspector under the following sentence from Code section 49-15-21(b): “The Commission shall appoint such other deputy inspectors as may be needed, but such deputies shall not be removed from office except upon approval of the chief inspector.” There is nothing in the record to indicate that anyone considered Misko a deputy inspector. He was assistant chief inspector or nothing, and we find no merit in the alternative argument that Mis-ko was a deputy inspector.
For the reasons stated, Misko was never validly appointed assistant chief inspector, and at most he was a de facto officer so long as he worked for the Commission in that capacity and when he was discharged the Commission merely terminated a de fac-to status which required no action by the governor or any hearing to remove him from an office he did not validly hold.
REVERSED AND JUDGMENT HERE FOR THE COMMISSION.
PATTERSON, P. J., INZER, P. J., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.
WALKER, J., took no part.